UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS, III,<br><br>            Plaintiff,<br><br>       v.<br><br>STU SHERMAN,<br><br>            Defendant. | Case No. 1:16-cv-01313-EPG (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS BARRED BY DOCTRINE OF *RES JUDICATA*<br><br>60 DAY DEADLINE |

I. **BACKGROUND**

Plaintiff Norman Gerald Daniels, III is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges he was denied access to the law library at his institution because Defendant Stu Sherman, the Warden of the institution, declined to make the accommodations Plaintiff requested to make the computers in the law library more accessible to visually-impaired inmates. The instant Complaint was filed on September 6, 2016.

On October 6, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 10.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

Plaintiff has filed a related case against Sherman on the same day. *See Daniels v. Sherman*, Case No. 1:16-cv-01312-EPG ("Case No. 1312"). In Case No. 1312, Plaintiff claims his right of access to the courts is being violated due to lack of accommodations for visually-impaired inmates, and he requests accommodations in the form of certain hardware and software fixes in the law library. *See id*. (ECF No. 1 at 4-5.) The allegations in this case and Case No. 1312 are essentially the same. The only difference appearing to the Court is that the relief requested in each case is not exactly the same.

Based on these similarities, the Court issued an order on October 21, 2016, relating this case to Case No. 1312. (ECF No. 11.) Both cases remain pending.

## II.    ORDER TO SHOW CAUSE

On October 17, 2016, the Court issued an order to show case in Case No. 1312. *See Daniels*, Case No. 1:16-cv-01312-EPG (ECF No. 9.) That order directed Plaintiff to show cause as to why Case No. 1312 should not be dismissed, with prejudice, as barred by the doctrine of *res judicata*. *See id*. The order noted that Plaintiff filed a separate action on January 10, 2013, that alleged that he was denied access to the law library at the same institution because defendant Kathleen Allison, the then-acting Warden of the institution, declined to make similar accommodations with respect to the computers in the law library. *See id*. The 2013 case, *Daniels v. Allison*, Case No. 1:12-cv-00545-LJO-GSA, was dismissed with prejudice on February 21, 2014 and final judgment was entered against Plaintiff.

The doctrine of *res judicata*, or claim preclusion, bars Plaintiff from bringing the same claims against the same parties a second time in a new lawsuit.[1] *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005).

Due to the similarities of this case and Case No. 1312, the Court hereby finds it appropriate to issue the same order to show cause in this case.

---

[1] The Court also notes that the statute of limitations which applies to Plaintiff's federal § 1983 claims is two years. Cal. Civ. Proc. Code § 335.1; *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). Plaintiff may have also been entitled to two additional years under the applicable tolling statute, if he is not serving a sentence of life without the possibility of parole. Cal. Civ. Proc. Code § 352.1.

Accordingly, Plaintiff is HEREBY ORDERED to show cause why this action should not be dismissed, with prejudice, as barred by the doctrine of *res judicata*. *Headwaters, Inc.*, 399 F.3d at 1054-55.

No later than **60 days** after the service date of this order, Plaintiff shall file a written response explaining why the dismissal of the prior action should not bar the current litigation.

IT IS SO ORDERED.

Dated: **December 19, 2016**          /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE