UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS, III,<br><br>    Plaintiff,<br><br>v.<br><br>STU SHERMAN,<br><br>    Defendant. | Case No. 1:16-cv-01313-EPG (PC)<br><br>**ORDER DISMISSING CASE AS BARRED BY RES JUDICATA**<br><br>**ORDER FOR CLERK TO CLOSE CASE**<br><br>(ECF No. 1.) |

    Plaintiff Norman Gerald Daniels, III is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges he was denied access to the law library at his institution because Defendant Stu Sherman, the Warden of the institution, declined to make the accommodations Plaintiff requested to make the computers in the law library more accessible.

    Plaintiff filed the Complaint commencing this action on September 6, 2016. (ECF No. 1.) The Complaint alleges facts that are substantially similar to those in a complaint Plaintiff filed on April 9, 2012 in *Daniels v. Allison*, Case No. 1:12-cv-00545-LJO-GSA (the "545 case"), which was dismissed with prejudice on February 21, 2014.

---

[1] On October 6, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) and no other parties have made an appearance. (ECF No. 10.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(4).

1  On December 18, 2016, this Court issued an Order to Show Cause why this action
2 should not be dismissed as barred by the doctrine of *res judicata*. (ECF No. 16.)  The Court
3 provided Plaintiff with an explanation of the *res judicata* doctrine and also explained what
4 Plaintiff should do to respond to the Order to Show Cause. (*Id*.) On January 17, 2017, Plaintiff
5 filed a response to the Order to Show Cause in this case. The Complaint is now before the
6 Court for screening under 28 U.S.C. § 1915A(a).

7  This Court has previously noted that the allegations of this case are nearly identical to
8 those in a second complaint Plaintiff filed on September 6, 2016 in *Daniels v. Sherman*, Case
9 No. 1:16-cv-01312-EPG (the "1312 case"). (ECF No. 16).  Like this case, the sole defendant in
10 that case is Stu Sherman, Warden of SATF, and Plaintiff is complaining about lack of
11 accommodations for blind inmates at SATF.  The only difference  appearing to the Court
12 between this case and the 1312 case is that the specific accommodations complained of in each
13 case, while nearly identical, are not the same. (*Id*.)  In the 1312 case, Plaintiff is seeking "a
14 court order requiring the prison to place the appropriate software on all computers, to allow
15 blind inmates to have access to accessible computers in their housing units, that paper and ink
16 be sold to inmates at cost, and that all CDCR personnel take disability sensitivity training.
17 (1312 case, ECF No. 14 at 4.) In this case, Plaintiff is requesting the same accommodations as
18 the 1312 case and some additional accommodations to help blind inmates access certain
19 hardware available that may be available to other inmates. (ECF No. 1 at 8-9.)

20  The Court takes judicial notice that the 1312 case was dismissed on March 10, 2017 as
21 barred by the doctrine of *res judicata*. (1312 case at ECF No. 14.)  The Court has reviewed the
22 findings and analysis of that order, and finds the decision to be appropriately reasoned and
23 properly supported by applicable law.  Accordingly, the *res judicata* discussion and analysis of
24 the March 10, 2017 order (1312 case at ECF No. 14) directly applicable to this case and fully
25 adopts and incorporates it here.

26  "The elements necessary to establish *res judicata* are: '(1) an identity of claims, (2) a
27 final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.  v. U.S. Forest*
28 *Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005), *quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe*

2

*Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). As explained immediately above, this case is nearly identical to the 1312 case. Like the 1312 case, the present action, Case No. 1:16-cv-01313-EPG, also appears to be substantially identical to the previously dismissed case, Case No. 1:12-cv-00545-LJO-GSA.

The allegations of all three cases arise out of the same nucleus of facts and allege violations of the same right. The cases are based on the institution's failure to make a series of requested accommodations involving law library computers for disabled inmates. In all three cases, Plaintiff alleges the same accommodations have been denied and asks for the same relief. Even if Plaintiff's theory of Defendant's conduct has evolved or arises out of a continuing series of conduct, the claims still constitute the "same claim" for the purposes of claim preclusion because they arise out of the same core of conduct. *Stavrinides v. PG&E*, Case No. C 16-00433 WHA, 2016 WL 3345426, at *1 (N.D. Cal. June 16, 2016) ("Res judicata thus precludes claims that could have been raised in the previous action but were not."), *citing Hiser v. Franklin*, 94 F.3d 1287, 1290-91 (9th Cir. 1996); *Pedrina v. Chun*, 906 F.Supp. 1377, 1400 (D. Haw. 1995) ("a plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct that was not alleged in his prior action or by pleading a new legal theory."), *citing McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986).

Moreover, final judgment was entered in the original case after it was dismissed for failure to state a claim. The Court has reviewed the dismissal order in the 545 Case and finds that it constituted final judgment of the asserted claims. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) ("Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies."), *quoting Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n. 3 (1981).

The Court also finds there is privity between the parties. All complaints were filed by the same plaintiff, Norman Daniels. The defendant in the 545 Case, Katherine Allison, is different than the defendant in the present case and the 1312 case, Stu Sherman, but both defendants were named because of their positions as Warden of SATF. Because Plaintiff's claims in both cases are premised on the position that Allison and Sherman held, their interests

Case 1:16-cv-01313-EPG   Document 18   Filed 03/20/17   Page 4 of 4

in the litigation are identical. *Headwaters Inc.*, 399 F.3d at 1052-53 ("Privity . . . is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'"), *quoting In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997).

Based on this analysis, the Court finds that the doctrine of *res judicata* prohibits the re-litigation of Plaintiff's claims against him in the present case 1:16-cv-01313-EPG, which were previously decided on their merits in case 1:12-cv-00545-LJO-GSA.  The action should thus be dismissed with prejudice.[2]

Accordingly, IT IS HEREBY ORDERED that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED with prejudice. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:  **March 20, 2017**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Given the Court's ruling, it need not evaluate the related issue of collateral estoppel.  Moreover, the Court finds that *res judicata* is the more appropriate doctrine because this concerns similar if not identical cases rather than individual issues in otherwise different cases.