# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS, III, <br><br> Plaintiff, <br><br> v. <br><br> STU SHERMAN, <br><br> Defendant. | Case No. 1:16-cv-01313-EPG (PC) <br><br> **ORDER DENYING MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF INTERIM CLASS COUNSEL** <br><br> (ECF No. 20) |

Norman Gerald Daniels, III ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, commenced this action by filing a Complaint against Stu Sherman ("Defendant"), Warden of California Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"), on September 6, 2016. (ECF No. 1). Plaintiff alleged that Defendant declined to make certain accommodations to improve the accessibility of the computers in the law library at SATF.

On March 20, 2017, this Court found that the allegations in this action were substantially similar to those in the case *Daniels v. Allison*, Case No. 1:12-cv-00545-LJO-GSA, which was dismissed with prejudice on February 21, 2014, and dismissed this action as barred by the doctrine of *res judicata*. (ECF No. 18). The Court entered judgment on the same day. (ECF No. 19).

On December 17, 2018, Plaintiff filed a "Motion to Submit Multiple Requests for Class

Certification." (ECF No. 20). The motion is now before the Court.

Plaintiff requests that the Court merge his cases into a class action and seeks the appointment of an interim class counsel. *Id.* Plaintiff states that he has filed numerous discrimination lawsuits alleging that the computer equipment available to visually impaired prisoners is inadequate. (ECF No. 21). Regarding the instant action, Plaintiff states that "[t]his case is currently in limbo as the 'ACCESS TO Court case is being merged with this case, and it seems that the Trial court is holding until the issues of the 'ACCESS TO Court' case is resolved." *Id.* at 5. Plaintiff further states that the Armstrong Remedial Plan[1] is not complete and the Prison Law Office, class counsel in *Armstrong*, is not accomplishing the intent of the Remedial Plan.

The motion for class certification and appointment of an interim class counsel is denied. The Court dismissed this action and entered final judgment on March 20, 2017. (ECF No. 19). Plaintiff, however, has not move for relief from the judgment. Under Federal Rule of Civil Procedure 60, a court may relieve a party from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Plaintiff does not assert that any of the circumstances described in Rule 60(b) apply to this case. Plaintiff's only argument in support of the instant motion is that he wishes to consolidate this action with other cases,[2] and wishes to convert this action into a class action lawsuit. This is an insufficient basis for relief from the judgment.

---

[1] The Armstrong Remedial Plan refers to a remedial order issued in a class action suit against the California Department of Corrections and Rehabilitation to enjoin practices that discriminated against disabled inmates in California prisons. *Armstrong v. Brown*, No. 94-2307 CW (ECF No. 1974) (Order filed January 13, 2012).

[2] Plaintiff refers to the following cases in his moving papers: *Daniels v.* Allison, No. 1:12-cv-00545-LJO-GSA (E. D. Cal. Deb, 21, 2014) (action dismissed with prejudice for failure to state a claim); *Daniels v. Tolson*, No. 1:13-cv-00202-AWI-SAB (E. D. Cal. No. 16, 2017) (summary judgment awarded to defendants), *appeal docketed*, No. 17-17421 (9th Cir. Dec. 1, 2017); *Daniels v. Sherman*, No. 1:16-cv-01312-LJO-EPG (E. D. Cal. Jun. 20, 2018) (action dismissed as barred by the doctrine of *res judicata*), *appeal docketed*, No. 18-16262 (9th Cir. July 10, 2018); *Daniels v. Sherman*, No. 1:18-cv-01420-AWI-BAM (E. D. Cal. 2018) (pending); *Daniels v. Sherman*, No. 1:18-cv-01499-EPG (E. D. Cal. 2018) (pending).

Furthermore, Plaintiff cannot establish an exceptional circumstance warranting the appointment of counsel to represent him in his individual capacity. *Pro se* litigants do not have a constitutional right to appointed counsel in civil actions, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent a *pro se* litigant pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citation omitted). Here, this action has already been dismissed on the merits, and Plaintiff was able to articulate his claims *pro se* in light of the complexity of the legal issues involved.

Moreover, *pro se* plaintiffs may not pursue claims on behalf of others in a representative capacity. *See* Local Rule 183 ("Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney."); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir.2008); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir.1962) ("A litigant appearing *in propria persona* has no authority to represent anyone other than himself."); *Hallford v. California Correctional Peace Officers Ass'n*, 2007 WL 3046047, *5 (E.D. Cal. October 18, 2007) (stating that a *pro se* plaintiff cannot fairly and adequately protect the interests of a class as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure); *see e.g. Perondi v. Schriro*, No. CV06-2833-PHX-ROS, 2007 WL 1232168, at *4 (D. Ariz. Apr. 25, 2007), *aff'd*, 370 F. App'x 805 (9th Cir. 2010) ("The undersigned recognizes that this matter presents a "chicken and the egg" problem. If Plaintiff is not appointed counsel, and he remains *pro se*, then his claims may not be certified as a class action. Conversely, unless Plaintiff's request for class certification is granted, he

cannot show the type of complexity of legal issues which would justify appointment of counsel. Because the undersigned has concluded that Plaintiff is not entitled to appointed counsel in his own right, the Court must also conclude that Plaintiff does not meet the prerequisites for certification of a class action.").

Accordingly, Plaintiff's motion for class certification and appointment of an interim class counsel is denied.

IT IS SO ORDERED.

Dated: **January 15, 2019**  /s/ Errin P. Grosjean
UNITED STATES MAGISTRATE JUDGE