# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS, III,<br><br>Plaintiff,<br><br>v.<br><br>STU SHERMAN, et al.,<br><br>Defendants. | Case No. 1:16-cv-01313-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S "MOTION FOR RECONSIDERATION OF DISMISSAL AND REQUEST TO ALLOW MERGER" BE DENIED<br><br>(ECF NO. 23) |

Norman Gerald Daniels, III ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, commenced this action by filing a Complaint against Stu Sherman ("Defendant"), Warden of California Substance Abuse Treatment Facility and State Prison Corcoran ("SATF"), on September 6, 2016. (ECF No. 1.) The Court dismissed Plaintiff's action with prejudice on March 20, 2017, on *res judicata* grounds. Plaintiff now seeks relief from that judgment through his "Motion for Reconsideration of Dismissal and Request to Allow Merger." (ECF No. 23.) For the following reasons, it is recommended that the motion be denied.[1]

---

[1] As the Court's original judgment was entered before the Ninth Circuit's decision in *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), no district judge was previously assigned to this case. Because Plaintiff seeks relief from a dispositive ruling, the Court does not rule on Plaintiff's motion directly; it instead enters findings and recommendations to the newly-assigned District Judge.

1

**I.     BACKGROUND**

Plaintiff commenced this action by filing a Complaint against Defendant on September 6, 2016. (ECF No. 1.) Plaintiff alleged that Defendant declined to make certain accommodations to improve the accessibility of the computers in the law library at SATF. Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). Plaintiff also filed another action that same day, *Daniels v. Sherman*, 1:16-cv-01312-EPG (the "1312 case"), containing allegations that were substantially similar to the instant matter. The allegations in both the instant matter and the 1312 case were substantially similar to another case Plaintiff filed on April 9, 2012, *Daniels v. Allison*, Case No. 1:12-cv-00545-LJO-GSA (the "545 case"), which was dismissed with prejudice by District Judge Lawrence J. O'Neill.

The Court issued an Order for Plaintiff to show cause ("OSC") in both the instant matter and the 1312 case why the cases should not be dismissed on *res judicata* grounds. (ECF No. 16 in the instant matter; ECF No. 9 in the 1312 case). The Court explained the *res judicata* doctrine in detail and explained what Plaintiff needed to do to respond to the OSC. (*Id.*) Plaintiff responded to the OSC on January 17, 2017. (ECF No. 17.)

On March 20, 2017, the Court dismissed the instant matter and the 1312 case on *res judicata* grounds, finding that the allegations in Plaintiff's Complaint were substantially similar to those in the 545 case. (ECF No. 18 in the instant matter; ECF No. 14 in the 1312 case). Plaintiff did not appeal the dismissal in the instant matter.[2]

On March 6, 2019, Plaintiff filed a "Motion for Reconsideration of Dismissal, and

---

[2] Plaintiff did appeal the 1312 judgment. At the time the Court entered the judgment in that matter on March 10, 2017, the Eastern District of California Local Rules allowed a magistrate judge to handle all proceedings through final judgment when the plaintiff consented and before the Defendants made an appearance. In *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), the Ninth Circuit held that 28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and all defendants named in the complaint, regardless of whether those defendants had appeared in the action, before jurisdiction may vest in a magistrate judge. *Id.* at 501. Thus, on appeal, the Ninth Circuit reversed the Court as to the 1312 judgment, finding that the magistrate judge lacked jurisdiction to enter the final judgment against Plaintiff, as not all parties (as the Ninth Circuit defined that term) had consented. *Daniels v. Sherman*, No. 17-15705 (9th Cir. Feb. 23, 2018). The Court subsequently issued Findings and Recommendations recommending that Plaintiff's case be dismissed on *res judicata* grounds. And the District Judge subsequently adopted same. (ECF No. 29 in the 1312 case). Though Plaintiff does not raise the argument, the Court has considered whether the *Williams* decision renders its original judgment in this matter void. The Court concludes that it does not. *See McCrea v. Adams*, 2018 WL 5999638 (E.D. Nov. 15, 2018) adopted by *McCrea v. Adams*, 1:09-cv-00850-DAD-SKO (E.D. Cal. Jan. 10, 2019) (finding that, prior to *Williams*, there was at least arguable basis for magistrate jurisdiction when the plaintiff consented but before defendants had appeared).

Request to Allow Merger." (ECF No. 23.) Plaintiff seeks reconsideration of the March 20, 2017 judgment in which the Court found that the *res judicata* doctrine barred his case. He claims that his "inability to meaningfully access…equipment" has caused him to err on several occasions in this suit and that this lack of access to equipment deprives him of meaningful access to the Courts. (*Id.* at p. 2.) Plaintiff further argues that there is another issue in this case concerning the request for a lap top computer that is "wholly separate from the original Case No. 1:12-cv-00545-LJO GSA PC, which was screened out with prejudice." (*Id.* at p. 4.) Additionally, Plaintiff asks that "this case be reopened under error and surprise due to [his] disability as a special circumstance." (*Id.*) Finally, in addition to relief from judgment, Plaintiff moves the Court to "merge" this Complaint with another case he filed in this District, *Daniels v. Sherman*, 1:18-CV-01420-BAM (PC).

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 60, a court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (5) any other reason that justifies relief." Motions under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1).

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where exceptional circumstances…" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 1990) (internal quotation marks and citations

omitted) (emphasis in original). As for Rule 60(b)(4), "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (citation omitted).

### III. ANALYSIS

The Court will recommend that Plaintiff's motion be denied. Plaintiff argues that he is entitled to relief from the judgment because of "error and surprise." As for error, Plaintiff appears to question the Court's *res judicata* analysis. He contends that this case contains a request for a lap top that was not present in the case in which judgment was originally entered against his meaningful access claims: *Daniels v. Allison*, Case No. 1:12-cv-00545-LJO-GSA. The Court rejects this argument for several reasons.

First, to the extent premised upon "error" or surprise," Plaintiff's motion for reconsideration is untimely. Under Rule 60, motions for reconsideration for "mistake" or "surprise" must be made "no more than a year after the entry of the judgment." Fed. R. Civ. Pro. Rule 60(c)(1). Here, Plaintiff waited nearly two years to file his motion for reconsideration.

Second, the Court stands by the *res judicata* analysis contained in its March 20, 2017 Order, which it incorporates here by reference. "The elements necessary to establish *res judicata* are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (citation omitted).

The allegations in this case and the ones preceding it involved an identity of claims: the allegations of all three cases arise out of the same nucleus of facts and allege violations of the same right. The cases are based on the institution's failure to make a series of requested accommodations involving law library computers for disabled inmates. In all three cases, Plaintiff alleges the same accommodations have been denied and asks for the same relief. Moreover, final judgment was entered in the original case after it was dismissed for failure to state a claim. Finally, all of Plaintiff's complaints involve the same parties. While the Defendant in the original

4

545 case, Katherine Allison, is different from the Defendant in this case and the 1312 case, all Defendants were named because of their positions as Warden at SATF. Because Plaintiff's claims against these Defendants are premised upon their positions as Warden, their interests in the litigation are identical. *Id.* at 1052-53. ("Privity…is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'") (citation omitted).

Third, a motion for relief from judgment is not designed to remedy legal errors by the court. The appeals process is the preferred method of correcting legal errors. "[I]t is not proper to grant relief under' 60(b) 'if the aggrieved [party] could have reasonably sought the same relief by means of appeal.'" *Inland Concrete Enterprises, Inc., v. Rune Kraft*, 318 F.R.D. 383, 407 (C.D. Cal. Aug. 24, 2016) (citation omitted). Plaintiff could have appealed the Court's March 20, 2017 judgment. His failure to do so precludes his argument that alleged legal error warrants relief from judgment here.

Fourth, Plaintiff fails to explain how "surprise" warrants relief from judgment here; the Court issued an Order for Plaintiff to show cause why his case should not be dismissed on *res judicata* grounds, explained the *res judicata* doctrine in detail in its OSC in the related 1312 case, and afforded Plaintiff ample time to respond to the OSC. And as for Plaintiff's disability, while the Court is sympathetic to Plaintiff's plight, the Court is not persuaded that this is the kind of "exceptional circumstance" necessary to justify relief from judgment. Whether Plaintiff is disabled has no bearing on the *res judicata* analysis. And the Court has made efforts to ensure these proceedings are fair to Plaintiff as detailed above.

### IV. CONCLUSION

Accordingly, for the reasons set forth herein, the Court HEREBY RECOMMENDS that Plaintiff's "Motion for Reconsideration of Dismissal and Request to Allow Merger" (ECF No. 23.) be denied.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the

5

Court. such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**August 30, 2019**__         /s/ Erin P. Gross
                                        UNITED STATES MAGISTRATE JUDGE